UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FARBOD AMINI, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; BANK OF AMERICA, N.A., a national bank association; BANK OF AMERICA HOME LOANS; BAC HOME LOANS SERVICING, LP, a limited partnership; LANDSAFE APPRAISAL SERVICES, INC., a corporation; and HOME RETENTION SERVICES, INC., a corporation,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiff Farbod Amini ("Amini"), and for his claims alleges as follows:

**PARTIES**

1. Plaintiff Amini ("Mr. Amini" or "Plaintiff") is a single man and is the owner of real property located at 97 Utsalady Road, Camano Island, Island County, Washington (the "real property").

Berry & Beckett PLLP
1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

2. Defendant Bank of America Corporation is a Delaware corporation that does business in this judicial district.

3. Defendant Bank of America, N.A., is a national banking association that does business in this judicial district.

4. Defendant Bank of America Home Loans is, upon information and belief, a division of Bank of America Corporation, and does business in this judicial district.

5. Defendant BAC Home Loans Servicing, LP is a subsidiary of Bank of America Corporation and does business in this judicial district.

6. Defendant LandSafe Appraisal Services, Inc. ("LandSafe") is a corporation and, upon information and belief, is a subsidiary of Bank of America Corporation. Landsafe Appraisal Services, Inc. does business in this judicial district.

7. Defendant Home Retention Services, Inc. is a corporation and, upon information and belief, is a subsidiary of Bank of America Corporation. Landsafe Appraisal Services, Inc. does business in this judicial district.

**JURISDICTION AND VENUE**

8. This court has subject matter jurisdiction to resolve the claims asserted in this case, pursuant to diversity jurisdiction under 28 U.S.C. § 1332, and because Plaintiff is asserting claims under 12 U.S.C. § 2605, the Real Estate Settlement Procedures Act, and under 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act.

9. Venue is proper in this court because the events and omissions giving rise to the claims asserted herein occurred in this judicial district.

Berry&Beckett PLLP

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

**FACTS**

10. In 2005, Mr. Amini learned that the real property was for sale, and began efforts to purchase the property. He applied for a purchase loan through Countrywide Bank, N.A. ("Countrywide"), but was informed that he did not have adequate credit to qualify for a purchase loan for the real property. The Countrywide loan representatives with whom Mr. Amini dealt encouraged him to locate another person with adequate credit to act as the named purchaser for the real property. The Countrywide loan representatives suggested that another person could serve as Mr. Amini's nominee for the purchase; while the title to the property would be in another person's name, Mr. Amini could make the required loan payments, and title could be transferred to Mr. Amini in the future, after he established a sufficient credit history.

11. In reliance upon the encouragement and suggestions of Countrywide's loan representatives, Mr. Amini located another person, Kazem Noven, to acquire title to the real property. Mr. Noven qualified with Countrywide for the purchase loan for the real property, and Countrywide made a purchase loan for the real property memorialized by Mr. Noven's signature on one or more Promissory Notes in favor of Countrywide. At Mr. Amini's request, title to the real property was transferred to Mr. Noven by deed recorded with the Island County Auditor on or about March 3, 2005; Countrywide's purchase loan for the real property was secured by one or more deeds of trust against the real property signed by Mr. Noven.

12. Although the title to the real property was in the name of Mr. Noven, Mr. Amini and Mr. Noven considered Mr. Amini to be the owner of the real property. Mr. Noven instructed and authorized Countrywide to deal with Mr. Amini on all issues pertaining to the real property, and Mr. Amini made all payments required under the Promissory Note(s) memorializing the

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346



purchase loan for the real property.

13. Upon information and belief, Defendant LandSafe performed the appraisal for the 2005 transfer of title, and the value indicated by the appraisal justified and was commensurate with the purchase price and purchase loan for the real property. Mr. Amini believed the real property had a value commensurate with the appraisal, the purchase price, and the purchase loan amount. In authorizing Mr. Noven to complete the transaction that resulted in the transfer of title to the real property to Mr. Noven, Mr. Amini relied on the appraisal completed by LandSafe. Mr. Amini would not have authorized Mr. Noven to complete the transaction had the value of the real property indicated by the appraisal not been consistent with the purchase price and purchase loan amount.

14. Mr. Noven conveyed a one-half interest in the real property to Mr. Amini by deed recorded with the Island County Auditor on or about December 23, 2005. Mr. Amini continued making all payments on Countrywide's purchase loan for the real property and was the primary person to communicate with Countrywide pertaining to the real property and Countrywide's purchase loan for it.

15. By the summer of 2006, Mr. Amini had established sufficient credit to qualify for a loan for the real property from Countrywide. Accordingly, Mr. Noven transferred title to the remaining one-half interest in the real property to Mr. Amini by deed recorded on August 10, 2006 with the Island County Auditor. Contemporaneous with his acquisition of 100% of title to the real property, Mr. Amini refinanced the purchase loan for the real property and executed a Promissory Note in favor of Countrywide, dated August 9, 2006, in the amount of $ 504,000. This Promissory Note was secured by a Deed of Trust on the real property executed by Mr. Amini

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

on or about August 9, 2006.

16. For the August 9, 2006 transaction, Countrywide retained LandSafe to perform another appraisal on the real property. The value of the real property indicated by the appraisal was no less than $630,000. Mr. Amini would not have completed the refinance transaction had the appraisal value not been consistent or more than the new loan amount.

17. When Mr. Amini completed the August 9, 2006 refinance transaction with Countrywide, Mr. Amini also obtained a line of credit from Countrywide, evidenced by a second Promissory Note in the amount of $30,000 and secured by a Deed of Trust on the real property. Mr. Amini's decision to take out a $30,000 line of credit with Countrywide, secured by the real property, was also based on the value indicated by the appraisal completed by LandSafe. Mr. Amini drew against the line of credit.

18. On June 25, 2008, Mr. Amini learned that the septic tank for sewage for the real property was not functioning properly, and that the drainfield was not operable. Mr. Amini learned this information when he received an invoice from the company that he had hired to pump his septic tank.

19. Effective July 1, 2008, Defendant Bank of America Corporation acquired Countrywide and its assets, including, upon information and belief, the August 9, 2006 Promissory Note in favor of Countrywide executed by Mr. Amini, and the obligation due on Mr. Amini's line of credit.

20. After Mr. Amini learned of the problem with his drainfield and septic tank, he began investigating possible remedies for the problems. Mr. Amini also communicated several times in 2008 and 2009 about the problem to Countrywide or its successor, Bank of America

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

Corporation, or an affiliate of Bank of America Corporation. Countrywide or Bank of America Corporation or an affiliate of Bank of America Corporation requested Mr. Amini to obtain information about and estimates for the repair work necessary to fix the problems with the wastewater disposal and treatment at the real property. Mr. Amini obtained the necessary information and estimates and transmitted the information and written estimates to Countrywide, Bank of America Corporation, or an affiliate of Bank of America Corporation.

21. Mr. Amini learned that it would cost several hundred thousand dollars to remedy the problems with the septic tank and drainfield at the real property, and that without the necessary repairs, the real property could not be inhabited or used for any purpose. Accordingly, without the necessary repairs to the septic tank and drainfield problems, the real property is essentially worthless.

22. Countrywide or Bank of America Corporation or an affiliate of Bank of America Corporation requested that Mr. Amini make an insurance claim concerning the septic tank and drainfield problems to his real property insurer, Allstate Insurance. Mr. Amini did so, but Allstate Insurance determined that Mr. Amini's insurance policy did not cover the risks associated with the problems. Mr. Amini communicated Allstate Insurance's denial of coverage to Countrywide or Bank of America Corporation or an affiliate of Bank of America Corporation.

23. Following Mr. Amini's receipt of the information about the problems with his drainfield and septic tank, Mr. Amini stopped making payments on the loan evidenced by the August 9, 2006 Promissory Note, and on the line of credit loan.

24. On April 27, 2009, Countrywide converted to a national bank and merged with and into Bank of America, N.A. Upon information and belief, upon said merger, Mr. Amini's August

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

9, 2006 Promissory Note for $ 504,000 and the Promissory Note evidencing the line of credit was assigned to Defendant Bank of America, N.A. or Defendant Bank of America Corporation. At that time, or thereafter, the servicing responsibilities for Mr. Amini's Promissory Note and line of credit obligation were assigned to BAC Home Loans Servicing, LP.

25.   On April 8, 2010, the Island County Department of Public Health ordered Mr. Amini to vacate the home on the real property, and leave it vacant, until the an approved sewage disposal system is installed on the property. The home and real property remain vacant to this day.

26.   On September 14, 2010; October 10, 2010; and November 18, 2010, through his legal counsel, Mr. Amini made a "Qualified Written Request" to Bank of America Home Loans Servicing, LP, under Section 6 of the Real Estate Settlement Procedures Act for copies of the August 9, 2006 $504,000 Promissory Note, and related documents. Bank of America Home Loans Servicing, LP refused to provide any documents or information in response to these requests.

27.   On September 23, 2010 and November 18, 2010, through his legal counsel, Mr. Amini made a "Qualified Written Request" to Bank of America Home Loans Servicing, LP, under Section 6 of the Real Estate Settlement Procedures Act for copies of the Promissory Note for the $30,000 line of credit and related documents. Bank of America Home Loans Servicing, LP refused to provide any documents or information in response to these requests.

28.   Since Mr. Amini stopped making payments on his two Promissory Notes, BAC Home Loans Servicing, LP and Home Retention Services, Inc. have engaged in debt collection and have acted as "debt collectors" as defined by the Fair Debt Collection Practices Act with



1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

respect to these two Promissory Notes. At all times relevant, Home Retention Services, Inc. has been acting on its own behalf and on behalf of and as agent for BAC Home Loans Servicing, LP; Bank of America, N.A.; and Bank of America Corporation. At all times relevant, BAC Home Loans Servicing, LP has been acting on its own behalf and on behalf of and as agent for Bank of America, N.A. and Bank of America Corporation. During the course of their actions as debt collectors, BAC Home Loans Servicing, LP and/or Home Retention Services, Inc. communicated by telephone with Mr. Amini before 8:00 a.m. or after 9:00 p.m. on several occasions, including without limitation on August 25, 2010. In addition, BAC Home Loans Servicing, LP and/or Home Retention Services, Inc. have frequently telephoned Mr. Armini more than one time per day, and several times per week.

29. On August 10, 2010, Mr. Amini informed BAC Home Loans Servicing, LP, that Guy W. Beckett and Berry & Beckett, PLLP, are his attorneys with respect to the debts allegedly due represented by the two Promissory Notes. Mr. Amini has informed BAC Home Loans Servicing, LP, of such legal representation several times since August 10, 2010, including without limitation on November 4, 2010, in a telephone conversation with its employee "Jennie N.", Employee No. 5740. Despite advising BAC Home Loans Servicing, LP of several times that Guy W. Beckett and Berry & Beckett, PLLP, are his attorneys with respect to the debts allegedly due represented by the two Promissory Notes, BAC Home Loans Servicing, LP and Home Retention Services, Inc. have continued to attempt to communicate with Mr. Amini concerning the alleged debts.

30. On or about January 24, 2011, Mr. Amini and his legal counsel, Guy W. Beckett of Berry & Beckett, PLLP, informed Home Retention Services, Inc. in a telephone conference call



1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

that Guy W. Beckett and Berry & Beckett, PLLP, are Mr. Amini's attorneys with respect to the debts allegedly due represented by the two Promissory Notes. Upon information and belief, Mr. Amini had advised Home Retention Services, Inc. of such legal representation prior to January 24, 2011. Despite advising Home Retention Services, Inc. that Guy W. Beckett and Berry & Beckett, PLLP, are his attorneys with respect to the debts allegedly due represented by the two Promissory Notes., Home Retention Services, Inc. and BAC Home Loans Servicing, LP have continued to attempt to communicate with Mr. Amini concerning the alleged debts.

**FIRST CAUSE OF ACTION:**
**RESPA VIOLATIONS**

31. By refusing to provide the documents relating to the two Promissory Notes in response to the Qualified Written Requests referred to above in Paragraphs 28 and 30, Defendants BAC Home Loans Servicing, LP violated the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605(e).

32. As a result of BAC Home Loans Servicing, LP's violation of 12 U.S.C. § 2605(e), Mr. Amini suffered damages for which he is entitled to recover judgment against BAC Home Loans Servicing, LP.

33. BAC Home Loans Servicing, LP's refusal to comply with several Qualified Written Requests made on behalf of Mr. Amini constituted a pattern or practice of noncompliance with the requirements of 12 U.S.C. § 2605(e). Accordingly, pursuant to the provisions of 12 U.S.C. § 2605(f)(1)(B), Mr. Amini is entitled to recover statutory damages of $1,000 against BAC Home Loans Servicing, LP.

34. Pursuant to the provisions of 12 U.S.C. § 2605(f)(3), Mr. Amini is entitled to recover judgment against BAC Home Loans Servicing, LP for his reasonable attorney's fees,

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346



costs, and expenses incurred for and in this action.

**SECOND CAUSE OF ACTION:**
**NEGLIGENCE ASSOCIATED WITH APPRAISALS**

35. LandSafe appraised the real property as a residence with a septic and waste disposal system approved for a one-bedroom, one bathroom residence. An appraiser exercising the proper standard of care would have determined whether the real property had an approved septic and waste disposal system. However, the septic and waste disposal system for the real property has never been approved by the Island County Department of Health, and LandSafe's appraiser did not inquire into that information when he made his appraisals. Had the appraiser exercised reasonable care and determined that the septic tank and drainfield were not approved and were not functioning properly when the appraisals were made, the value indicated in the appraisal would not have been commensurate with the purchase price, and Mr. Amini would not have completed the transactions.

36. In making the appraisal used for the August 9, 2006 transaction, LandSafe used several allegedly comparable properties and sales. The information used and applied for the comparable properties, however, was not used and applied in the manner an appraiser exercising the proper standard of care should have used and applied it. LandSafe made the following mistakes pertaining to the allegedly comparable properties and sales:

a. With respect to Comparable No. 2, LandSafe's appraisal asserted that the most recent sale was for $525,000. However, the actual sale date and price was February 3, 2006 for $415,052.98. An appraiser exercising the proper standard of care would not have used an incorrect sales price. Also, the property was not waterfront property as the subject property is, and therefore was not a proper comparable. An appraiser exercising the proper standard of care would

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

not have used a non-waterfront property as a comparable sale for a waterfront property. The use of the incorrect sale price and non-waterfront property as a comparable property affected the accuracy of the appraisal.

      b.     With respect to Comparable No. 3, LandSafe's appraisal asserted that the most recent sale was for $925,000. However, the actual sale date and price was June 28, 2006 for $775,000. An appraiser exercising the proper standard of care would not have used an incorrect sales price, and the use of the incorrect sale price affected the accuracy of the appraisal.

      c.     With respect to Comparable No. 4, the property was a lot larger than the subject property. However, rather than reducing the comparable value due to its larger size, LandSafe's appraisal applied a $75,000 increase to the subject property's value. Due to the smaller lot size, the appraisal should have shown a reduced value for the subject property. An appraiser exercising the proper standard of care would not have increased the value of the subject property based on a greater sale price for a larger comparable sale. In addition, the property was not a proper comparable property to the subject real property, because the subject real property lot was 3,000 square feet; the size of the allegedly comparable lot was approximately 21,780 square feet.

      d.     With respect to Comparable No. 5, LandSafe's appraisal asserted that the most recent sale was for $579,000. However, the actual sale price was August 18, 2006 for $572,500. An appraiser exercising the proper standard of care would not have used an incorrect sales price, and the use of the incorrect sale price affected the accuracy of the appraisal. Also, LandSafe's appraisal increased the subject property's value by $25,000 because Comparable No. 5 was in "Camano City." There is no such place as "Camano City." Upon information and belief, an appraiser exercising the proper standard of care would not have increased the value of the subject



1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

real property based on the fact that the Comparable sale was purportedly located in "Camano City."

37. Due to the several problems with the appraisal identified in Paragraph 36, LandSafe's appraisal for the August 9, 2006 transaction was inaccurate and not a proper indication of the true value of the subject real property. LandSafe was negligent in completing the appraisal.

38. Had Mr. Amini known the true value of the real property and that it was not approved by the Island County Department of Health for a waste disposal and septic system, Mr. Amini would not have completed the August 9, 2006 transaction. LandSafe's negligence damaged Mr. Amini in an amount to be proven at trial, and Mr. Amini is entitled to recover judgment against LandSafe for such negligence.

39. When it completed its appraisals, LandSafe was acting as Countrywide's agent. Bank of America, N.A or Bank of America Corporation is the successor in interest to Countrywide and is therefore liable for Countrywide's agent's negligence. Mr. Amini is entitled to recover judgment against Bank of America, N.A. or Bank of America Corporation in the same amount as the judgment he recovers against LandSafe.

**THIRD CAUSE OF ACTION:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

40. At all times relevant, BAC Home Loans Services, LP and Home Retention Services, Inc. were debt collectors as defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* In their collection actions against Mr. Amini, BAC Home Loans Services, LP and Home Retention Services, Inc. violated the Fair Debt Collection Practices Act in the following respects:

Berry&Beckett PLLP

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

a. When they communicated with Mr. Amini before 8:00 a.m. and after 9:00 a.m., as described above in Paragraph 28, they violated 15 U.S.C. § 1692c(a)(1).

b. Because they knew that Mr. Amini was represented by legal counsel with respect to the debts, as described above in Paragraphs 29 and 30, they violated 15 U.S.C. § 1692c(a)(2).

c. When they frequently telephoned Mr. Amini as described above in Paragraph 28, they engaged in conduct, the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

d. BAC Home Loans Services, LP forwarded several communications to Mr. Amini without disclosing that it was attempting to collect a debt and that any information obtained would be used for that purpose, or that BAC Home Loans Services, LP is a debt collector, in violation of 15 U.S.C. § 1692e(11).

e. BAC Home Loans Services, LP forwarded several communications to Mr. Amini without disclosing any of the information required to be disclosed by 15 U.S.C. § 1692g(a).

41. Mr. Amini is entitled to recover judgment against BAC Home Loans Services, LP, for his damages sustained as a result of the violations of the Fair Debt Collection Practices Act described above in Paragraph 40, in an amount to be proven at trial. In addition, Mr. Amini is entitled to recover statutory damages of $1,000 for each violation as provided by 15 U.S.C. § 1692k(2)(A), and reasonable attorney's fees, costs, and expenses incurred for and in this action, pursuant to 15 U.S.C. § 1692k(3).

**FOURTH CAUSE OF ACTION:**
**VIOLATIONS OF WASHINGTON'S COLLECTION AGENCY ACT**
**AND CONSUMER PROTECTION ACT**

42. Home Retention Services, Inc. is a "collection agency" as defined by Washington's

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

Collection Agency Act, RCW Chapter 19.16.

43. Home Retention Services, Inc. has made numerous and repeated telephone calls to Mr. Amini for the purpose of demanding payment on the alleged debts memorialized by the Promissory Notes, for which calls the charges are payable by Mr. Amini, in violation of RCW 19.16.250(16).

44. Home Retention Services, Inc. has communicated in writing with Mr. Amini on at least two occasions concerning the alleged debts memorialized by the Promissory Notes without including all of the information in such communications required by RCW 19.16.250(8).

45. Home Retention Services, Inc. has communicated with Mr. Amini in a manner so as to harass, intimidate, threaten or embarrass him, by directing telephone calls to him more than three times in a single week, in violation of RCW 19.16.250(12)(a).

46. Pursuant to RCW 19.16.440, any violations of RCW 19.16.250 are per se unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of Washington's Consumer Protection Act, RCW Chapter 19.86. Accordingly, Home Retention Services, Inc. has violated the Consumer Protection Act and Mr. Amini is entitled to recover judgment for the damages resulting therefrom, trebled, together with reasonable attorney's fees and costs and expenses of the suit, all pursuant to RCW 19.86.090.

47. Mr. Amini is also entitled to obtain an injunction against Home Retention Services, Inc. for its unlawful actions identified above in Paragraphs 43 through 45 pursuant to RCW 19.86.090.

**JURY DEMAND**

48. Plaintiff requests a trial by jury of the claims asserted herein.

1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346

WHEREFORE, Plaintiff prays for judgment as follows:

1. For judgment against Bank of America Corporation; Bank of America, N.A.; LandSafe Appraisal Services, Inc.; BAC Home Loans Servicing, LP; and Home Retention Services, Inc., in amounts to be proven at trial.

2. For judgment against Home Retention Services, Inc. for treble damages for each of its violations of Washington's Consumer Protection Act, up to $25,000 per violation.

3. For an injunction prohibiting Home Retention Services, Inc. from conducting its collection activities in violation of RCW 19.16.250 as described herein.

4. For judgment for reasonable attorney's fees and costs of suit against BAC Home Loans Servicing, LP pursuant to 12 U.S.C. § 2605(f)(3) and 15 U.S.C. § 1692k(3), and against Home Retention Services, Inc. pursuant to 15 U.S.C. § 1692k(3) and RCW 19.86.090.

5. For judgment for statutory costs.

6. For pre-judgment interest on all liquidated sums awarded at the highest allowable rate, and post-judgment interest on the entire judgment at the highest allowable rate.

7. For permission to amend his pleadings to conform to the proof presented at trial; and

8. For such other and further relief as the Court deems just and equitable.

DATED this 10th day of June, 2011.

BERRY & BECKETT, PLLP

Guy W. Beckett, WSBA #14939
Attorneys for Plaintiff

Berry & Beckett PLLP
1708 Bellevue Ave.
Seattle, WA 98122
Tel 206.441.5444
Fax 206.838.6346