UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____)
FARBOD AMINI,                                  )
                                               )   No. C11-0974RSL
                 Plaintiff,                    )
         v.                                    )
                                               )   ORDER GRANTING PLAINTIFF'S
BANK OF AMERICA CORPORATION,                   )   MOTION TO COMPEL
*et al.*,                                      )
                                               )
                 Defendants.                   )
_____)

This matter comes before the Court on "Plaintiff's Motion to Compel Defendants' Responses to Requests for Production." Dkt. # 42. Having reviewed the memoranda, declarations, and exhibits submitted by the parties as well as the papers submitted regarding plaintiff's request for an extension of the case management deadlines, the Court finds as follows:

Plaintiff served discovery requests on defendants in April 2012. Although defendants provided responses by the end of May, the production was incomplete and plaintiff was eventually forced to file this motion to compel. Defendants subsequently produced "an additional 53 pages of publicly available documents, an additional 55 pages of documents reflecting written communications, documentation to verify that Plaintiff's requests for information relating to the 7 year-old loans of Kazem Noven returned no search results, . . . amended written responses . . . [and] more than 350 pages of proprietary and confidential materials relating to Plaintiff's loans." Opposition (Dkt. # 47) at 1-2.

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL

When requested discovery is produced only after a motion to compel has been filed, the responding party must pay the movant's reasonable expenses unless (i) the movant failed to meet and confer, (ii) the responding party's nondisclosure was substantially justified, or (iii) other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Defendants argue that the delayed disclosures were substantially justified because it was difficult to find documents related to 2005 and 2006 loans, defendants were busy responding to plaintiff's request to amend his complaint and filing an answer, confidential and propriety documents could not be produced until a protective order was in place, and plaintiff could have obtained some of the requested documents from other sources.[1] Defendants offer no evidence to support the first argument, and the second and fourth arguments do not excuse defendants' failure to timely comply with their discovery obligations. Nor does the record show that defendants pursued a protective order in a timely manner (a stipulated protective order was filed more than three months after the discovery requests were served) or that a protective order was a necessary prerequisite to production. Because none of the exceptions provided in Rule 37(a)(5)(A) applies, an award of plaintiff's reasonable expenses incurred in making this motion, including attorney's fees, is appropriate.

Plaintiff also argues that deficiencies remain in the production, despite defendants' belated supplementation. Documents referenced in the production have not been produced. See Decl. of Guy W. Beckett (Dkt. # 51) at 3-7. Nor have defendants provided documents related to the transfer of ownership and servicing rights of the promissory notes at issue in this litigation or the relationship between LandSafe and Countrywide. Certain documents were produced with

---

[1] Defendants also assert that they fully complied with their discovery obligations by producing some documents prior to the filing of the motion to compel and periodically supplementing that production. Opposition (Dkt. # 47) at 4-5. Had the parties been able to resolve the identified deficiencies in a timely manner, this motion would not have been necessary and the issue of fees would not be before the Court. Having delayed long enough to warrant the filing of a motion to compel, however, defendants cannot avoid the application of Fed. R. Civ. P. 37(a)(5)(A).

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL                    -2-

redactions based on a claim of attorney-client privilege, but no privilege log was produced. Defendants simply cite to the number of pages they produced on various dates since May 2012. The number of pages tells us virtually nothing regarding the adequacy of the production, however, and defendants make no effort to explain the searches performed in response to plaintiff's individual requests or the nature of the documents produced.

For all of the foregoing reasons, plaintiff's motion to compel and request for attorney's fees (Dkt. # 42) is GRANTED.  Defendants shall, within fourteen days of this Order, (a) supplement their responses to BOA Request for Production Nos. 11 and 14 and LandSafe Request for Production No. 13, (b) produce the documents discussed in Mr. Beckett's declaration (Dkt. # 51 at 3-7) or documentation verifying the specific searches that were performed and the lack of results, and (c) provide a privilege log for all redactions that provides enough information for the Court and/or plaintiff to evaluate the claim of privilege (including the nature of the document, its date and subject, the parties thereto (and their connection to this litigation, if not obvious), the privilege that justifies the failure to disclose, and any other information necessary to show that the privilege applies).  Finally, defendant Bank of America shall, within seven days of this Order pay to plaintiff his reasonable expenses of $4,568.75. Defendant LandSafe shall, within seven days of this Order, pay to plaintiff his reasonable expenses of $828,75.

Dated this 26th day of October, 2012.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL                     -3-