The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FARBOD AMINI, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a national bank association; LANDSAFE APPRAISAL SERVICES, INC., a corporation; and HOME RETENTION SERVICES, INC., a corporation,<br><br>Defendants. | NO. C11-0974 RSL<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON RESPA AND FDCPA CLAIMS<br><br>NOTE ON MOTION CALENDAR: December 28, 2012 |

## I. RELIEF REQUESTED

Plaintiff Farbod Amini moves for partial summary judgment on his claims against Bank of America, N.A., for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## II. FACTS

On August 9, 2006, Mr. Amini signed a promissory note for $504,000 in favor of Countrywide Bank, N.A. ("Countrywide"), secured by a first position Deed of Trust on real property owned by Mr. Amini located at 97 Utsalady Road, Camano Island, Island County,

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1
(NO. C11-0974 RSL)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Washington (the "real property"). Declaration of Farbod Amini in Support of Motion for Partial Summary Judgment ("Amini Decl.") at 2. On that same day, Mr. Amini signed another promissory note in favor of Countrywide for a line of credit loan in the amount of $30,000, secured by a second position Deed of Trust on the real property. *Id.*

Mr. Amini stopped making payments on the $504,000 loan after October 2008. Answer to Second Amended Complaint (Dkt. #38) at ¶ 14. Mr. Amini stopped making payments on the $30,000 loan after December 2008. *Id.*

Prior to April 2009, the $504,000 loan and the $30,000 loan were both serviced by Countrywide Home Loans Servicing, LP. Second Amended Complaint at ¶ 21; Answer to Second Amended Complaint at ¶ 16. On about April 27, 2009, Countrywide merged with Bank of America, N.A. ("BOA"), and BOA obtained any interest that Countrywide held in the two notes. *Id.* Immediately subsequent to the merger, the two loans were serviced by Bank of America Home Loans Servicing, LP, which is the successor to Countrywide Home Loans Servicing, LP. *Id.*

On or about June 13, 2011, Mr. Amini received correspondence from BOA informing him that the servicing rights for the $504,000 and $30,000 loans were transferring to BOA, effective July 1, 2011. Amini Decl. at 2 and Ex.'s A, B.[1] In those notices, Mr. Amini was informed that the owner of the $504,000 loan was Wells Fargo (BSALTA 2006-7), and that the owner of the $30,000 loan was E*Trade Bank. *Id.* By letter dated June 16, 2011, Mr. Amini, through Beckett, informed BOA that he was represented by legal counsel and requested BOA not to contact him directly concerning the servicing of the $504,000 and

---

[1] BOA is the successor to Bank of America Home Loans Servicing, LP. Second Amended Complaint, ¶ 3; Answer to Second Amended Complaint, ¶ 2.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2
(NO. C11-0974 RSL)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

$30,000 loans, but to communicate only with Beckett. Beckett Decl. at 2 and Ex. I. The June 16, 2011 letter was delivered to BOA on June 20, 2011. *Id.*

On June 23, 2011, an "Assignment of Deed of Trust" was signed by a representative of Mortgage Electronic Registration Systems, Inc., stating that the beneficial interest under the deed of trust securing the $504,000 loan, and "the note(s) and obligations therein described" were being assigned by to Citibank, N.A., as Trustee for the Holders of Bear Stearns Alt-A Trust 2006-7, Mortgage Pass-Through Certificates, Series 2006-7. Beckett Decl., Ex. J.[2]

Mr. Amini's lawyer is the undersigned, Guy Beckett ("Beckett"). On September 14, 2010; October 18, 2010; and November 18, 2010, Beckett informed Bank of America Home Loans Servicing, LP in writing that Beckett represented Mr. Amini, and requested loan servicing documents, including payment records, for the $504,000 loan. Beckett Decl., at 2 and Ex.'s A, E, and G. On September 23, 2010 and November 18, 2010, Beckett informed Bank of America Home Loans Servicing, LP in writing that Beckett represented Mr. Amini, and requested loan servicing documents, including payment records, for the $30,000 loan. *Id.* at 2 and Ex.'s C, G.

BAC Home Loans Servicing, LP refused to provide any documents in response to the four written requests. Beckett Decl. at 2 and Ex.'s B, D, F and H.

Mr. Amini himself informed BAC Home Loans Servicing, LP several times during telephone that Beckett represented him. Amini Decl. at 2; Beckett Decl., Ex. L.

---

[2] BOA claims it has no records which memorialize the assignment of the notes to Wells Fargo (BSALTA 2006-7) or E*Trade Bank other than the Assignment of Deed of Trust. *See* Beckett Decl. at 2 and Ex. K. Apparently, the June 23, 2011 Assignment of Deed of Trust memorializes the assignment of the $504,000 loan referenced in the June 13, 2011 correspondence to Mr. Amini.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3
(NO. C11-0974 RSL)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Since June 13, 2011, BOA contacted and/or attempted to contact Mr. Amini directly by telephone about the $504,000 loan and/or the $30,000 loan on June 14, 2011(five times); June 20, 2011 (twice); June 27, 2011 (twice); June 28, 2011 (five times); July 6, 2011 (ten times); July 11, 2011, July 13, 2011; and July 14, 2011 (four times). Amini Decl. at 2 and Ex. C; Beckett Decl. Ex. L, M. At a minimum, BOA made personal contact as a result of those telephone calls on June 14, 2011 (twice); June 20, 2011; June 28, 2011 (twice); July 6, 2011; and July 13, 2011. Amini Decl., Ex. C; Beckett Decl., Ex. L. BOA also contacted Mr. Amini directly about one or both loans, by sending him collection notices dated October 1, 2011; October 28, 2011; November 1, 2011; November 29, 2011; December 30, 2011; January 30, 2012; February 28, 2012; March 29, 2012; April 27, 2012; May 30, 2012; June 19, 2012; June 19, 2012; July 30, 2012; August 30, 2012; September 27, 2012; and October 30, 2012. Amini Decl., Ex. D.

Servicing for the $30,000 loan transferred to Specialized Loan Servicing, LLC, a company unaffiliated with BAC, effective December 25, 2011. Amini Decl., Ex. E.

### III. LEGAL AUTHORITY AND DISCUSSION

**A. BOA violated the Real Estate Settlement Procedures Act by refusing to provide documents in response to Qualified Written Requests.**

In pertinent part, 12 U.S.C. §2605(e) provides as follows:

**Duty of loan servicer to respond to borrower inquiries.**

(1)  Notice of receipt of inquiry

...

(B)  Qualified written request.

For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4
(NO. C11-0974 RSL)



Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

    (i)  includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    (ii)  includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

  (2)  Action with respect to inquiry

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall --

...

   (C)  After conducting an investigation, provide the borrower with a written explanation or clarification that includes --

    (i)  information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

    (ii)  the name and telephone number of an indivisual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

If a loan servicer fails to comply with any provision of Section 2605, the borrower is entitled to recover any actual damages suffered as a result of the failure; and in the case of a pattern or practice of noncompliance, the borrower may also recover statutory damages of up to $1,000; costs; and reasonable attorney's fees. 12 U.S.C. §2605 (f)(1), (3).

  Mr. Amini, through his legal counsel, made four Qualified Written Requests for information and documents about his loans to Bank of America Home Loans Servicing, LP, but it refused to provide any information or documents in response to any of those requests.

  In *Moon v. GMAC Mortgage Corp.*, 2009 WL 3185596, at *4 (W.D. Wash. 2009), under almost identical facts, Judge Zilly ruled that a loan servicer's refusal to respond to a

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5
(NO. C11-0974 RSL)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

borrower's requests for records violated RESPA. The borrower wrote the servicer a letter asking for "complete copies of our loan documents," and explained that her husband had died and that she had retained an attorney who was authorized to speak to the servicer about the loan account. The borrower received no response, so the borrower's attorney sent two additional letters to the servicer, requesting "complete copies of all the loan documents." The servicer did not respond to these letters within the twenty-day period provided by 12 U.S.C. § 2605(e)(1)(A) or provide the requested documents within the sixty-day period prescribed by 12 U.S.C. §2605(e)(2). In the borrower's subsequent lawsuit, the servicer moved for summary judgment to dismiss the borrower's claims that the servicer's failure to respond within the time frames established by these statutes constituted a RESPA violation. The servicer argued that the three letters were not "Qualified Written Requests." Judge Zilly rejected this contention:

> Defendant's contention that none of the three letters at issue constitute a qualified written request ("QWR") lacks merit. Defendants assert that plaintiff's letter dated September 7, 2007 is not a QWR because it is unsigned and does not state the account is in error. Neither a signature nor an accusation of error, however, are requirements of a QWR. A QWR need only ask for information relating to servicing and provide the relevant names and account numbers. It requests copies of loan documents and contains the names of the borrowers and account numbers at issue. Thus, the September letter constitutes a QWR to which GMAC failed to timely respond....
>
> The two letters sent in January 2008 by plaintiff's attorney likewise qualify as QWR's. Defendants' assertion that the letters are not QWRs because they do not bear plaintiff's signature or are not accompanied by an authorization form containing plaintiff's and her husband's social security numbers runs contrary to the statutory definition of a QWR. RESPA specifically envisions that a QWR may be sent by a borrower's agent. See 12 U.S.C. § 2605(e)(1)(A). Both letters at issue indicate that the author ... had been retained by plaintiff to represent her. Both letters identify the borrowers and the account numbers. Both request copies of loan documents.... Both letters are QWRs.

*Moon*, 2009 WL 318559, at *4.



PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6
(NO. C11-0974 RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Beckett's letters sent in this case are similar to the letters sent in *Moon*. The letters identified the borrower, the loan account numbers, and requested copies of loan documents, including payment records. Accordingly, the letters were Qualified Written Requests under RESPA. 12 U.S.C. § 2605(i)((3) (records pertaining to loan payments are "loan servicing" records under RESPA); *Corazzini v. Litton Loan Servicing LLP,* 2010 WL 6787231, at *11 (N.D. N.Y. 2010) (borrower's written request for information regarding payments applied to her loan was a request for information relating to loan servicing and therefore was a Qualified Written Request).

In its motion to dismiss (Dkt. #23), BOA argued that a RESPA Qualified Written Request "must include 'a statement of the reasons for the belief of the borrower ... that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." Motion to Dismiss at 5. Judge Zilly rejected this very argument in *Moon*. As this Court agreed in its ruling on the Motion to Dismiss (Dkt. #30 at 6-7), such a statement is not required in order for a communication to be a Qualified Written Request.

The complete relevant portion of 12 U.S.C. §2605(e)(1)(B) provides as follows:

[A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that --

    (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error *or* provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. §2605(e)(1)(B) (emphasis supplied). Because Beckett's letters provided "sufficient detail" to Bank of America Home Loans Servicing, LP to inform it of the

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7
(NO. C11-0974 RSL)


1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

information sought by Mr. Amini, they were Qualified Written Requests even though they did not contain any discussion of account errors. This Court has already ruled that the letters were Qualified Written Requests under RESPA. Order on Motion to Dismiss at 7.

Other courts agree with the Court's ruling. In *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676 (7th Cir. 2011), the loan servicer made the same argument made by BOA in its motion to dismiss. The borrowers had written letters to the U.S. Department of Housing and Urban Development, which then forwarded them to the servicer. In the letter, the borrower sought information about payments they claimed to have made. The servicer argued the letters were not qualified written requests because they did not identify an error in the borrowers' account or provide any statement of the reasons the borrowers believed their account was in error. The servicer further argued that communications that "merely dispute a debt or request information are not 'qualified written requests' and do not trigger the obligations under section 2605." *Id.* at 686 (citation omitted). The Seventh Circuit Court of Appeals rejected this argument:

> By GMAC Mortgage's argument, a lender would have no obligation to respond to a borrower who expressed her belief that her account was in error but was unable to provide specific reasons for that belief, an untenable result under the language of the statute.
>
> RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly. The language of the provision is broad and clear. To be a qualified written request, a written correspondence must reasonably identify the borrower and account and must "include a statement of the reasons for the belief of the borrower, *to the extent applicable*, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B) (emphasis added). Any reasonably stated written request for account information can be a qualified written request. To the extent that a borrower is able to provide reasons for a belief that the account is in error, the borrower should provide them, but any request for information made with sufficient detail is enough under RESPA to be a

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 8
(NO. C11-0974 RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

qualified written request and thus to trigger the servicer's obligations to respond.

*Id.* at 686-87 (citations omitted). The court ruled that the borrowers' letters were, indeed, qualified written requests. *See also Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp.2d 895, 909 (C.D. Cal. 2009) (borrower's letter was a qualified written request even though it didn't contain a statement of reasons for borrower's belief of error; letter provided sufficient detail regarding "other information" sought); *Arriaga v. Wells Fargo Bank, N.A.*, 2011 WL 4738522, at *4 (N.D. Ill. 2011) (where borrowers' letters stated their names and account number and identified either a request for information or a dispute in the account, servicer's motion to dismiss borrower's RESPA claim for violations of 12 U.S.C. § 2605 was denied).

Under 12 U.S.C. § 2605(f)(1)(B), if a plaintiff establishes a pattern by the servicer of noncompliance with the requirements of Section 2605, the Court may award statutory damages of up to $1,000, whether or not the plaintiff has suffered any actual damages. The trial court in *Serfass v. Cit Group/Consumer Fin., Inc.*, 2008 WL 4299356, *5 (D.S.C. 2008), held that a lender's failure to respond to five qualified written requests from a borrower constituted "a pattern or practice of noncompliance" with RESPA's response obligation. *See also Ploog v. Homeside Lending, Inc.*, 209 F.Supp.2d 863, 869 (N.D. Ill. 2002) (borrower's allegation that lender had failed to respond to five qualified written requests stated a cognizable claim for relief under 12 U.S.C. § 2605 for statutory damages under section (f)(1)(B); *Amini v. Bank of America Corp.*, Order Granting in Part Defendants' Motion to Dismiss at 8 (concluding that lender's failure to respond to four qualified written requests under RESPA adequately alleged a claim for statutory damages under §2605(f)(1)(B)). In *Moon*, Judge Zilly relied on the servicer's failure to comply with the

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 9
(NO. C11-0974 RSL)


1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

requests in three letters in denying the lender's motion for summary judgment that it had not engaged in a pattern of noncompliance. Here, the servicer ignored four letters. The Court should conclude, as a matter of law, that four separate refusals to one borrower to supply the requested information in response to a Qualified Written Request constitutes a "pattern or practice of noncompliance" with the requirements of RESPA, entitling Mr. Amini to an award of statutory damages of $1,000. BOA, as Bank of America Home Loans Servicing, LP's successor by merger, is liable for these violations. *Payne v. Saberhagen Holdings, Inc.*, 147 Wn. App. 17, 26, 190 P.3d 102 (2008) (citations omitted) (surviving company after merger is responsible for merged company's liabilities). In addition, the Court should award Mr. Amini "the costs of the action," together with an award of reasonable attorney's fees. 12 U.S.C. § 2605(f)(3).

**B. The Court should enter summary judgment in favor of Mr. Amini on his claim for violations of the Fair Debt Collections Practices Act.**

As discussed above, BAC Home Loans Servicing, LP was the servicer of the two notes prior to July 1, 2011. As its successor by merger, BOA is liable for BAC Home Loans Servicing, LP's FDCPA violations. *Payne,* 147 Wn. App. at 26. After July 1, 2011, BOA was the servicer of the two loans and is liable for its own violations of the FDCPA. The FDCPA is a strict liability statute and should be liberally construed in favor of the consumer. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006).

Following the assignment of the loans in June 2011, BAC Home Loans Servicing, LP and BOA were "debt collectors" and violated the FDCPA.[3] 15 U.S.C. §1692a(6) provides:

---

[3] Mr. Amini is not abandoning his claim that communications to him by BAC Home Loans Servicing, LP prior to June 13, 2011 violated the FDCPA. However, because BOA has not turned over any documents related to the transfer or assignment of the loans or servicing rights other than the

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 10
(NO. C11-0974 RSL)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--

    (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
    (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
    (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
    (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
    (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
    (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Although couched in the negative, the statute makes it clear that a "debt collector" includes a person collecting or attempting to collect a debt owed to another if the creditor received the debt through assignment and the debt was in default at the time it was assigned. 15 U.S.C.

---

Assignment of Deed of Trust (Beckett Decl., Ex. J), Mr. Amini is not able to move for summary judgment with respect to those communications.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 11
(NO. C11-0974 RSL)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

§1692a(6)(F). Thus, if a plaintiff can show that a mortgage loan servicer serviced the loan after the holder of the mortgage loan obtained the note by assignment when it was in default, the loan servicer is a "debt collector" under the FDCPA. *Frison v. Accredited Home Lenders, Inc.*, 2011 WL 1103468, *5-6 (S.D. Cal. 2011).

Here, the original creditor of the two loans at issue was Countrywide. The debts were incurred on August 9, 2006. *Id.* The $504,000 note has been in default since October, 2008, and the $30,000 loan has been in default since December, 2008. The debts were assigned to BOA on about April 27, 2009, as a result of the merger between Countrywide and BOA. They were then assigned to other creditors in June 2011, but BAC Home Loans Servicing, LP continued to service them until July 1, 2011, when servicing changed to BOA. Because the loans were in default in June 2011 when they were assigned to third parties, both BAC Home Loans Servicing, LP and BOA were "debt collectors" under the FDCPA when they serviced the loans after those assignments.

15 U.S.C. § 1692c(a) provides, in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:
>
> …
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication with the consumer[.]

Both BAC Home Loans Servicing, LP and BOA knew that Mr. Amini was represented by legal counsel with respect to the two notes after June 13, 2011. Nevertheless, they repeatedly communicated directly with Mr. Amini about the debts after that date, thus

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 12
(NO. C11-0974 RSL)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

repeatedly violating 15 U.S.C. § 1692c(a)(2). Amini Decl., Ex.'s C, D; Beckett Decl., Ex.'s L and M.[4]

15 U.S.C. § 1692k(a)(2) authorizes the Court to award up to $1,000 statutory damages in a proceeding for a defendant's violation of the FDCPA. A successful FDCPA plaintiff is entitled to statutory damages even if the Plaintiff has not suffered any actual damage. *Baker v. GC Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982). In setting the amount of statutory damages, the Court considers "the frequency and persistence of the noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). In view of the number of direct communications by BAC Home Loans Servicing, LP and BOA with full knowledge of Mr. Beckett's representation of Mr. Amini, the Court should award Mr. Amini the maximum statutory damages of $1,000. In addition, the Court should award Mr. Amini "the costs of the action, together with a reasonable attorney's fee." 15 U.S.C. § 1692k(a)(3).

## IV. CONCLUSION

The Court should grant summary judgment on Mr. Amini's RESPA and FDCPA claims, award him statutory damages of $1,000 for each claim, and further award him his reasonable attorney's fees on each claim. A proposed order is submitted with this motion.

---

[4] There were numerous personal telephone contacts between BAC Home Loans Servicing, LP or BOA after June 13, 2011, in addition to numerous mailed direct communications. *See* Amini Decl., Ex. C, D; Beckett Decl., Ex.'s L and M. There were also numerous telephone contacts attempted that resulted in connection to Mr. Amini's voice mail system or answering machine, which contacts were also prohibited by 15 U..S.C. § 1692c(a). *See Lensch v. Armada Corp.*, 795 F. Supp.2d 1180, 1189 (W.D. Wash. 2011) (voice mail messages are subject to the FDCPA); *Leahey v. Niagara Credit Solutions, Inc.*, 756 F. Supp.2d 1322, 1327 (N.D. Ala. 2010) (claim that creditor left message on consumer's answering machine without disclosures required by FDCPA stated a claim for violating FDCPA). In view of the numerous completed calls and the collection notices that BOA sent directly to Mr. Amini, however, the Court need not consider the voice mail and answering machine messages to grant Mr. Amini's motion for partial summary judgment on the FDCPA claim.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 13
(NO. C11-0974 RSL)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1  DATED THIS 5th day of December, 2012.

BERRY & BECKETT, PLLP

/s/ Guy Beckett
Guy W. Beckett, WSBA #14939
Attorneys for Plaintiff

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 14
(NO. C11-0974 RSL)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346