1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

_____ )

8  FARBOD AMINI,                          )
                                          )        No. C11-0974RSL
9                      Plaintiff,          )
           v.                             )
10                                        )        ORDER DENYING MOTION TO
    BANK OF AMERICA CORPORATION,          )        AMEND COMPLAINT
11  *et al.*,                             )
                                          )
12                     Defendants.        )
    _____ )

13

14          This matter comes before the Court on "Plaintiff's Motion for Leave to File Third

15  Amended Complaint."  Dkt. # 91.  Plaintiff seeks to add a claim for negligence based on

16  defendant LandSafe's 2005 appraisal of the subject property.[1]  Discovery in this matter closed on

17  October 7, 2012, and the parties have filed their dispositive motions based on the claims asserted

18  in the Second Amended Complaint.

19          Because plaintiff seeks to amend his complaint after the case management deadline

20  established by the Court, he must first show good cause pursuant to Fed. R. Civ. P. 16(b)(4).

21  Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial

22  procedure.  The purpose of the change was to improve the efficiency of federal litigation:

23  leaving the parties to their own devices until shortly before trial was apparently costly and

24  _____

25          [1] In his motion, plaintiff contends that such a claim is properly asserted in the Second Amended
    Complaint.  He does not, however, cite to particular allegations of the complaint or explain how a cause
26  of action dealing exclusively and specifically with the events of 2006 could be read to assert a claim
    related to the 2005 transaction.  This argument seems to have been abandoned in reply.

ORDER DENYING MOTION TO AMEND COMPLAINT

resulted in undue delay.  Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).  The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties.  The Court will alter these dates only upon good cause shown . . . ." Dkt. # 64 at 2.  Although the existence and degree of prejudice to the non-moving party may supply additional reasons to deny a motion, the focus of the inquiry is on the diligence of the moving party.  If that party did not act diligently in moving to amend, there is no need to consider the question of prejudice.  O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006); Johnson, 975 F.2d at 609.

Amended pleadings were due on or before August 8, 2012.  Dkt. # 34 at 1.  Plaintiff has not established good cause for an extension of that deadline.  To the extent the allegations of the Second Amended Complaint were defective, the defect was, or should have been, apparent from a review of the negligent appraisal claim.  Plaintiff's counsel drafted the claim using very specific language to identify the appraisal and the transaction at issue.  Assuming that plaintiff first learned that he had a second negligence claim on May 22, 2012, when he obtained a copy of the 2005 appraisal, he should have and could have filed a motion to amend at that time, well within the case management deadline.  Plaintiff has not established the diligence necessary to obtain an extension of the amendment deadline.

Because plaintiff may file a separate action asserting a negligence claim arising

from the 2005 transaction, the Court has also considered issues of judicial efficiency and economy under Fed. R. Civ. P. 1.  First, this concern is hypothetical because it is not clear that the new claim could survive a statute of limitations challenge.  Plaintiff has asserted that he intended to plead the new claim – in fact, he thought he had pled it – when this action was first filed in 2011 based on information he obtained in June 2008.  If that were the case, the discovery rule will not save the claim.  Second, this action has been pending for almost two years, discovery is complete, and dispositive motions are pending.  Resolution of the negligence claim in this case may serve as a template for any future action.  In these circumstances, there is no need to disrupt these proceedings simply to avoid the possibility of a new lawsuit.

For all of the foregoing reasons, plaintiff's motion to amend is DENIED.

Dated this 8th day of April, 2013.

*Robert S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO AMEND COMPLAINT  -3-