1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9    FARBOD AMINI,                                    )
                                                      )
10                              Plaintiff,            )        No. C11-0974RSL
                                                      )
11            v.                                       )
                                                      )        ORDER GRANTING PLAINTIFF'S
12   BANK OF AMERICA CORPORATION,                     )        MOTION TO ENFORCE
     *et al.*,                                        )        SETTLEMENT AGREEMENT AND
13                                                    )        DISMISSING CASE
                                Defendants.           )
                                                      )

14

15           This matter comes before the Court on plaintiff's "Motion for Summary Judgment

16   to Confirm and Enforce Settlement Agreement, and to Dismiss Action." Dkt. # 131.[1]  Federal

17   courts do not have inherent or ancillary jurisdiction over contractual disputes simply because the

18   subject of the contract is the settlement of a federal lawsuit.  Kokkonen v. Guardian Life Ins.

19   Co., 511 U.S. 375, 381-82 (1994).  In this case, however, the underlying action – over which the

20   Court undoubtedly has jurisdiction – remains pending.  The motion to enforce the settlement

21   agreement therefore falls within the Court's inherent powers to control pending litigation.  See

22   Fed. Sav. and Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1039-40 (9th Cir. 2004) (noting that

23   ancillary jurisdiction is exercised "to enable a court to function successfully, that is, to manage

24   its proceedings, vindicate its authority, and effectuate its decrees."); Schiff v. City and Cnty. of

25   _____

26           [1] This matter can be decided on the papers submitted.  Plaintiff's request for oral argument is
     DENIED.

ORDER GRANTING MOTION TO
ENFORCE SETTLEMENT AGREEMENT

1    San Francisco, 2007 WL 2301773 at *8 (N.D. Cal. Aug. 8, 2007) ("[W]here an action has not

2    yet been dismissed . . . , courts *do* have inherent authority to enforce the settlement agreement.")

3    (emphasis in original).  The issue, therefore, is whether the parties reached an enforceable

4    agreement under Washington law.

5            To form a valid and enforceable contract in Washington, the parties must

6    objectively manifest their mutual assent to the essential terms.  Yakima Cnty. Fire Prot. Dist. No.

7    12 v. City of Yakima, 122 Wn.2d 371, 388 (1993).  A party manifests assent to an agreement

8    when the reasonable meaning of a person's words and acts, notwithstanding any subjective

9    reservations or intent, indicates assent.  City of Everett v. Sumstad's Estate, 95 Wn.2d 853, 854

10   (1981).  The stated terms must be complete and definite enough for the Court to ascertain their

11   meaning and to fix the parties' contractual liabilities.  Keystone Land & Dev. Co. v. Xerox

12   Corp., 152 Wn.2d 171, 178 (2004).  Parties can be bound by the agreement of their counsel even

13   if the parties contemplated signing a more formal writing in the future.  Loewi v. Long, 76 Wn.

14   480, 484 (1913); Morris v. Maks, 69 Wash. App. 865 (1993).

15           Taking the evidence in the light most favorable to defendant, the Court finds that

16   counsel for the parties agreed to the following terms through an exchange of emails and

17   telephone calls in June 2013:

18   • Plaintiff would dismiss his claims with prejudice and release all claims, whether
        asserted or unasserted, against Bank of America, the loan investor, and all related
19      entities.

20
     • Bank of America would release any claims it has against plaintiff for repayment of the
21      $504,000 loan and would request that the trustee reconvey the deed of trust for that
22      indebtedness.

23   • Each party would pay its own fees and costs.
24
     • The settlement would be confidential.
25
26   • The parties would not disparage each other.

ORDER GRANTING MOTION TO
ENFORCE SETTLEMENT AGREEMENT          -2-

1
2

● In lieu of returning the original note, Bank of America would indemnify plaintiff in the event a holder of the note ever sought to enforce it against plaintiff.

3   Decl. of Guy W. Beckett (Dkt. # 132 SEALED) at ¶ 8 and Exs. E and F.  Bank of America's

4   counsel was tasked with drafting a formal settlement agreement.  Decl. of Guy W. Beckett (Dkt.

5   # 132 SEALED) at ¶ 8.

6          Effective July 1, 2013, Bank of America transferred the servicing rights for the

7   underlying promissory note to third-party Nationstar Mortgage.  It is not clear whether the

8   beneficial interest in the note changed hands.  Bank of America continued to work on a draft

9   settlement agreement under the assumption that it would be able to "reconcile whatever needs to

10  be reconciled with Nationstar."  Decl. of Guy Becket (Dkt. # 132 SEALED), Ex. H.  On August

11  6, 2013, Bank of America provided an eight page, single-spaced Settlement Agreement for

12  plaintiff's review.  Decl. of Guy W. Beckett (Dkt. # 132 SEALED), Ex. K.  The attorneys

13  exchanged comments and proposed revisions to the draft agreement.  Decl. of Guy W. Beckett

14  (Dkt. # 132 SEALED) at ¶¶ 16-17 and Ex. M.  Plaintiff's last proposed edits ran the gamut from

15  alterations of the terms that had been agreed upon in June (such as the deletion of the

16  confidentiality provision) to simply clarifying the agreed upon provisions.  Decl. of Guy W.

17  Beckett (Dkt. # 132 SEALED), Ex. M.  After receiving plaintiff's comments, defendant

18  informed the Court that "all claims against all parties in this action have been resolved."  Dkt.

19  # 123.  When plaintiff inquired regarding the status of the settlement in September, defendant

20  noted a couple of outstanding issues, none of which is relevant here, and stated "[t]his deal will

21  get done but [Bank of America] and Nationstar are still ironing out the mechanics."  Decl. of

22  Guy W. Beckett (Dkt. # 132 SEALED), Ex. O.

23          Having heard nothing from the parties and with the trial date long passed, the

24  Deputy Clerk of Court inquired whether a stipulation of dismissal would be filed.  Decl. of Guy

25  W. Beckett (Dkt. # 132 SEALED) at ¶ 20.  In response, Bank of America noted that while it

26  remained "committed to implementing the parties' agreed settlement framework," "non-party

ORDER GRANTING MOTION TO
ENFORCE SETTLEMENT AGREEMENT                    -3-

1   Nationstar has . . . taken over servicing of the loan," requiring "material changes" to the loan

2   account in order to finalize the settlement.  Decl. of Guy W. Beckett (Dkt. # 132 SEALED), Ex.

3   P.  The nature and import of the necessary changes were not explained.  The Court entered an

4   order of dismissal, but gave the parties thirty days in which to reopen the case if the settlement

5   were not consummated.  Dkt. # 124.  Because final settlement papers were not signed within the

6   thirty days, plaintiff filed an unopposed motion to reopen.  Bank of America has apparently been

7   unable to reach an agreement with Nationstar regarding how to account for the settlement, and

8   the case remains unresolved.

9           Defendant opposes enforcement of the six provisions set forth above because

10   (a) Bank of America did not agree to the release and hold harmless provision favoring plaintiff

11   and (b) Bank of America is unable to finalize the settlement without the cooperation of third-

12   party Nationstar Mortgage and has no means of compelling such cooperation.  Neither argument

13   is persuasive based on the existing record.  The evidence, even when taken in the light most

14   favorable to defendant, shows that the parties entered into an enforceable settlement agreement

15   regarding all six provisions, including the release and hold harmless provision in favor of

16   plaintiff.  Defendant argues that it did not agree to that term, pointing out that there is no written

17   acceptance of the reciprocal release provision in the correspondence between counsel and that

18   the provision was not included in the initial draft agreement.  Dkt. # 137 at 3.  Although the

19   email correspondence does not reflect acceptance, plaintiff has provided evidence, in the form of

20   a declaration from counsel based on his personal knowledge, that Mr. Lorber confirmed by

21   telephone "that the defendants' settlement proposal included an indemnification provision in the

22   event the holder of the $504,000 Note ever sought to recover from Mr. Amini on it."  Decl. of

23   Guy W. Beckett (Dkt. # 132 SEALED) at ¶ 8.  This declaration was presented with plaintiff's

24   motion, yet defendant did not provide any countervailing evidence regarding the content of the

25   June 11, 2013, conversation.  Nor does the fact that the first draft of the settlement did not

26   contain a release in favor of plaintiff raise an inference that defendant had not agreed to hold

1  plaintiff harmless.  The record shows that the parties had discussed the danger bearer paper

2  posed to plaintiff if the note were not returned to him and the measures they could take to

3  alleviate the risks.  When the initial draft contained only a release in favor of defendant, Mr.

4  Beckett promptly added a reciprocal release provision.  Mr. Lorber notified the Court that the

5  parties had reached a settlement agreement that same day.  Later correspondence shows that

6  defendant took issue with other edits and comments made by Mr. Beckett, but did not - until this

7  motion - contend that the reciprocal releases were outside the parties' agreement.

8          With regards to the complications that have arisen since Bank of America sold or

9  otherwise transferred the $504,000 loan to Nationstar, defendant has not identified any theory

10 that would make the settlement agreement unenforceable against Bank of America.  Defendant

11 has not alleged mutual mistake, force majeure, or impracticability, nor has it provided any

12 evidence from which such defenses could be inferred.  Bank of America contractually bound

13 itself to undertake certain actions in exchange for a dismissal of plaintiff's claims, and its

14 performance is not excused because it chose to give another party an interest in the loan.  In

15 addition, defendant's repeated refrain that the settlement cannot be consummated unless

16 Nationstar cooperates is unsupported.  There is no evidence in the record from which one could

17 conclude that Bank of America's ability to perform under the settlement agreement is impaired

18 in any way.  The promise to release plaintiff from any obligation under the loan can be

19 accomplished regardless of who currently holds, much less services, the note:  Bank of America

20 makes no attempt to explain why it cannot pay the amount due and owing on the note to

21 Nationstar, as contemplated by the draft settlement agreement.

22

23          For all of the foregoing reasons, plaintiff's motion to enforce the six provisions of

24 the settlement agreement of June 2013 is GRANTED.  The parties shall satisfy any outstanding

25 obligations (such as the satisfaction of the debt and submission of a stipulated order of dismissal)

26 and may, if mutually desired, formalize the settlement agreement within the next fourteen days.

ORDER GRANTING MOTION TO
ENFORCE SETTLEMENT AGREEMENT          -5-

1    The Clerk of Court is directed to unseal Dkt. # 131, # 132, and # 140. Although

2  the parties had agreed to keep the terms of their settlement confidential, plaintiff was forced to

3  seek judicial intervention to enforce the agreement. The Court is not bound by the parties'

4  promise of confidentiality, and its resolution of this dispute will not be sealed. To the extent that

5  defendant's response memorandum has not already disclosed the confidential provisions of the

6  settlement, public access to the moving and reply papers is necessary to a full understanding of

7  the Court's reasoning and analysis.

8

9    Dated this 22nd day of April, 2014.

10

11   Robert S. Lasnik
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION TO
ENFORCE SETTLEMENT AGREEMENT          -6-